## FONTANA v. PENNSYLVANIA R. CO. et al.

United States District Court
S. D. New York.
July 23, 1952.

Nathan Baker, New York City, N. Y. (Bernard Chazen, Hoboken, N. J., of counsel), for libelant.

John P. Smith, New York City, N. Y. (Albert S. Commette, New York City, N. Y., of counsel), for Pennsylvania R. Co.

Kirlin Campbell & Keating, New York City, N. Y. (Thomas Coyne, Vernon S.

Jones, New York City, N. Y., of counsel), for Huron Stevedoring Corp. intervenor.

WEINFELD, District Judge.

Libelant sustained injuries on board the lighter T. Willets during the course of his employment by Huron Stevedoring Corporation. Payment of compensation was promptly begun by the employer without an award as required by Section 14(a), 33 U.S.C.A. § 914(a) of the Longshoremen & Harbor Workers' Act, hereinafter called the Act. Compensation payments and medical expenses so paid by the employer totalled $1,732.54.

Thereafter libelant filed a notice of election to sue a third party pursuant to Section 33(a) of the Act, 33 U.S.C.A. § 933(a), and filed this libel to recover damages for the injuries sustained by him. Pennsylvania Railroad Company, one of the impleaded respondents, agreed to pay to libelant $4,000 in full settlement of his claim. Huron, libelant's employer, has intervened and asserts a lien against the proceeds of the settlement for the $1,732.54 previously paid by it for compensation and medical expenses. Libelant resists the claim and the court is called upon to determine its validity.

Basically, libelant's position is that since Huron made its payments without an award and since the Act does not expressly give the employer a lien or other right of recoupment in such instances the employer is without redress.

Section 33(b) of the Act, 33 U.S.C.A. § 933(b), as amended in 1938 and now in effect provides:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

■ The 1938 amendment conditioned the assignment upon the acceptance of compensation " 'under an award in a compensation order filed by the deputy commissioner.' " Toomey v. Waterman S. S. Corp., 2 Cir., 123 F.2d 718, 720. Prior thereto the mere acceptance by the injured employee of compensation automatically operated as an assignment of any claim by him against a third party. Since, in the instant case, the compensation and medical payments were not made pursuant to an award, the right of action against the responsible third party was solely in libelant. Does it follow that, because libelant retains the right of action, the employer Huron is not entitled to reimbursement out of the proceeds of the recovery or settlement?

■ In The Etna, 3 Cir., 138 F.2d 37, 41, the court upheld the employer's right to reimbursement for compensation and medical expense payments made without an award out of the funds recovered by the employee's third party action. The case arose under the Act as amended in 1938 and necessarily determines the precise question before the court in the instant case. The result was reached through application of the equitable doctrine of subrogation. Most of the contentions made against Huron's claim by libelant here are so fully dealt with by the court in the Etna opinion that extended discussion would serve no useful purpose. The court's conclusion is succinctly stated in the following excerpt from its opinion:

"* * * We find no intent indicated by the Act to take away from the employer who pays compensation without an award his right to reimbursement out of his employee's recovery from third persons. On the contrary, we think that the intent and scheme of the Act requires that the employer's right to subrogation for compensation payments made in the circumstances here shown be recognized wholly apart from and without regard for the assignment provided for in Sec. 33(b) of the Act. It is only the right of control of the employee's right of action against third persons which an employer foregoes by paying compensation without an award. His right to reimbursement out of the recovery for the employee's injury remains unaffected."

This conclusion, it seems to me, is fortified by the underlying purpose of the 1938 amendment "to provide payments during

the period while the employee is unable to earn, when they are sorely needed, without compelling him to give up his right to sue a third party when he is least fit to make a judgment of election." American Stevedores, Inc., v. Porello, 330 U.S. 446, 456, 67 S.Ct. 847, 852, 91 L.Ed. 1011.

A further compelling consideration which may not be ignored is that the entire scheme of the Act negates any theory that an injured employee is entitled to both compensation from his employer and damages from third parties. The Act imposes an absolute, but limited, liability on the part of the employer to pay compensation, and medical, hospital, nursing and other related benefits, which are exclusive and in place of all other liability of the employer. American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322. The employee, however, is given the option to sue for full compensatory damages any third party, other than the employer, whom he claims may be liable for his injuries. He is given the choice of election but he may not have both compensation from his employer and damages from third parties.

Though there is perhaps no ruling on the question as direct as that of The Etna, supra, its authority has been recognized in other cases, including some in this and in the Eastern District. See Grasso v. Lorentzen, D.C., 56 F.Supp. 51, 54; Petition of M. P. Howlett, Inc., D.C., 75 F.Supp. 438, 439; Lundberg v. Prudential Steamship Corp., D.C., 102 F.Supp. 115; Bruschi v. Fed. Comm. & Nav. Co., et al., S.D.N.Y., 1949 A.M.C. 977; Palazzolo v. Pan-Atlantic Steamship Corp., E.D.N.Y., 1952 A.M. C. 522. The New York Court of Appeals has likewise adopted the rule of The Etna (Ruggiero v. Libety Mutual Ins. Co., 272 App.Div. 1027, 74 N.Y.S.2d 428, affirmed 298 N.Y. 775, 83 N.E.2d 467).

Libelant has adduced no authority hostile to The Etna holding. Crab Orchard Imp. Co. v. Chesapeake & Ohio Ry. Co., 4 Cir., 115 F.2d 277, certiorari denied 312 U.S. 702, 61 S.Ct. 807, 85 L.Ed. 1135, on which libelant leans heavily, involved the West Virginia Workmen's Compensation Act, not the Longshoremen's and Harbor Workers' Compensation Act. Insofar as the reasoning of the Crab Orchard case may conflict with that of The Etna, the court regards the ruling in The Etna, which deals with the Act with which we are here concerned, as the more persuasive.

The provisions of Section 7(d) of the Act, 33 U.S.C.A. § 907(d), giving the employer a cause of action against the third party to recover amounts paid for medical treatment, not conditioned on the making of a compensation award, has not been overlooked. Libelant contends that the provision expresses a purpose to confine the employee's right of reimbursement, when there has been no compensation award, to medical expenses and that even this right is enforceable only in a direct suit by the employer against the third party. The cause of action given by Sec. 907 (d) is, however, to be asserted "in like manner as provided in Section 33(b) of this Act". In my opinion, the effect of Sec. 907 (d) is merely to assimilate the right of recovery under it with the right of action given the employer by Sec. 933(b), and to make the same procedure applicable to both. It does not alter the employer's substantive rights as pronounced in The Etna, supra.

Libelant next contends that in any event the employer ought equitably to bear a proportionate cost of the litigation. Ocean S. S. Co. v. Lumbermen's Mutual Casualty Co., 2 Cir., 125 F.2d 925, though decided under the New York Workmen's Compensation Law, is to the contrary. Of course, this decision under a different statute is not controlling. Nevertheless, the scheme of the Act also seems opposed to libelant's contention. Under Sec. 33(e), 33 U.S.C.A. § 933(e), the proceeds of an action instituted by the employer against the third party, under an assignment of the cause of action to the employer pursuant to Sec. 33(b), are distributable as follows: the employer is entitled to retain (a) the expenses of the proceedings, (b) medical expenses, (c) compensation paid and (d) the present value of the compensation thereafter payable, and only the excess then becomes payable to the injured employee or his representative. Thus, the Act treats the recovery as a fund charged

first with the expense of the litigation and then with the amounts paid for compensation and medical expenses and the employee becomes entitled only to any excess finally remaining. There is no reason why a recovery obtained against the third party by the employee rather than the employer should be distributed differently. The expense of securing the recovery is, as in equity it should be, a first charge against the fund itself. As such it is immaterial whether the fund was created in a suit brought by the employer or one brought by the employee. Huron, the employer, is therefore entitled to receive out of the $4,000 settlement, its compensation and medical expense payments, without deduction for attorneys' fees or other litigation costs.

Settle order on notice.