Petition of SHEFFIELD TANKERS CORPORATION, Owner of TANKER TROJAN, Henry C. Frison, Claimant.

No. 27543.

United States District Court
N. D. California, S. D.

Sept. 10, 1963.

---

442

Aubrey Grossman, Oakland, Cal., for claimant.

H. Donald Harris, Jr., of Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for respondent Sheffield Tankers. Corp.

Jay T. Cooper, of Dorr, Cooper & Hays,. San Francisco, Cal., for respondent Todd Shipyards Corp. and lien claimant Travelers Ins. Co.

WOLLENBERG, District Judge.

This is a motion by claimant, a long-shoreman, for an order deducting attorney's fees and costs from the amount of an insurance carrier's subrogation lien against his judgment in an action for damages resulting from a ship explosion. Claimant contends that the insurance carrier benefits to the extent of its subrogation lien against his judgment, and therefore the lien should be reduced as payment by the carrier of a prorata share of the attorney's fees and costs of court incurred in obtaining the judgment. The court does not agree with this contention.

At the trial, liability was stipulated to by the respondent, Sheffield Tankers Corporation (owner of the ship), and the respondent, Todd Shipyards Corporation (claimant's employer). The sole issue was the determination of claimant's damages attributable to the explosion. This court, sitting without a jury, entered judgment for claimant in the amount of $6,110.82. The judgment included compensation for past medical expenses, earnings lost to the date of trial, and pain and suffering. The court determined that there would be no future wage loss or future medical expense to the claimant. In addition, it was ordered that payment of the judgment be subject to a lien in favor of the Travelers Insurance Company in the amount of $1,066.29.[1] The amount of the lien rep-

---

1. Claimant's argument that this lien must be reduced is largely vitiated by the fact that he has previously acknowledged the validity of the lien. Claimant's judgment was rendered pursuant to the May 2, 1961 Interlocutory Decree of this court to which claimant consented through his attorney. The Decree states, in part:

"(5) Payments made to any consenting claimant by the Travelers Insurance Company under the Longshoremen's and Harbor Workers' Compensation Act to the date of payment of the judgment or settlement of claim hereunder shall be a lien against such judgment or settlement."

In addition, the March 12, 1963 Pre-Trial Order of this court, approved by claimant through his attorney, includes the following statement:

"(5) The parties stipulate as follows:.

\*     \*     \*     \*     \*

resents compensation payments and medical benefits provided to claimant by Travelers (the insurance carrier for claimant's employer), under the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C.A. § 901 et seq.[2]

Section 933 of the Act pertains to situations where a party other than the employer is deemed responsible for damages sustained by the employee. This provision clearly prescribes the subrogation rights and method of distribution applicable to a third party recovery when the employer, as assignee of the employee's right to recover damages, obtains a recovery against such third party. The provision is silent, however, regarding subrogation rights and method of distribution when, as in this case, the third party recovery is pursuant to an action prosecuted by the employee.

In place of this void in the statutory language, claimant asks the court to apply his theory that the insurance carrier should pay a prorated portion of the litigation cost equivalent to its subrogated share of the third party recovery. This theory is not novel, and claimant has a substantial body of case law standing squarely against him.

Although § 933 of the Act fails to provide for reimbursement of the employer or the insurance carrier for compensation payments and medical benefits provided the employee in cases where a third party recovery is obtained by the employee, the employer's right to reimbursement in this situation has been read into this section by the courts. The Etna, 138 F.2d 37 (3d Cir., 1943). Fontana v. Pennsylvania R. Co., 106 F.Supp. 461 (S.D.N.Y.1952). Section 933(i) of the Act provides that "Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section." It logically follows that the insurance carrier must also be subrogated to the employer's implied right of reimbursement out of an employee's third party recovery. This point is so obvious that in one leading case the court appears to have assumed it without discussion. Davis v. United States Lines Company, 253 F.2d 262 (3d Cir., 1958).

The insurance carrier's right to reimbursement, without contribution by it of a prorated portion of the employee's litigation costs, has also been clearly established. Section 933(e) of the Act specifically provides for the distribution of a third party recovery obtained by the employer. The expense of litigation, including reasonable attorney's fees (§ 933 [e] [1] [A]), is one of the items which the employer is entitled to deduct from the amount of the recovery. The balance of the recovery, if any, is then turned over to the employee. Claimant's theory would result in a different method of distribution when the recovery is obtained in an action prosecuted by the employee. Under claimant's theory, the balance of the recovery received by the employee would have only the employee's prorated share of the litigation costs deducted from it. The inequity of this different method of distribution is illustrated by the following analysis:

> "There is no reason why a recovery obtained against the third party by the employee rather than the em-

---

"(e) A lien exists in favor of the Travelers Insurance Company in the total sum of $1,066.29."

Neither the Interlocutory Decree or the Pre-Trial Order make any provision for the prorating of attorney's fees and costs or the reduction of the insurance carrier's lien.

Although claimant has stipulated to the lien he now seeks to reduce, the issue raised by claimant's argument is of significance to both his and other cases pending before the court. It is therefore appropriate to discuss the merits of claimant's argument.

2. Subsequent references to various provisions of the Act are inclusive of amendments in effect on January 29, 1957, the date claimant was injured, and do not include amendments effective after this date.

ployer should be distributed differently. The expense of securing the recovery is, as in equity it should be, a first charge against the fund itself. As such it is immaterial whether the fund was created in a suit brought by the employer or one brought by the employee." Fontana, supra, 106 F.Supp. at 464.

The different method of distribution sought by claimant would also result in different standards of recovery, depending on whether the third party action was prosecuted by the employer or the employee. The amount of the third party recovery actually received by the employee would be comparatively greater where the employee has prosecuted the action, as only the prorated portion, instead of all the litigation costs, would be deducted in determining the employee's net recovery. The holding of the Third Circuit Court of Appeals in the Davis case goes directly to this point.

"It would seem that if Congress intended to prefer employee third party actions such purpose would have been articulated. Congressional silence in no way can be construed as creating the result appellant suggests."

\* \* \* \* \* \*

"The Court will not, absent Congressional direction, sanction inconsonant standards of relief dependent upon the party bringing suit." Davis, supra, 253 F.2d at 265.

The most important objection to claimant's theory is that it would permit a double recovery by the employee. Although the Act sets out methods by which an injured employee may recover an amount in excess of the amount of compensation and medical benefits provided under the Act, such an excess recovery is strictly dependent upon the success of a third party action brought by the employee (§ 933 [a]), or by the employer as assignee of the employee's right to damages (§ 933 [d]), or by the insurance carrier as subrogee of the employer (§ 933 [i]). Irrespective of the method by which the third party action is prosecuted, the employee is only assured of receiving the amount of compensation and medical benefits provided for him under the Act. This assurance marks the outside limit of the employer's and insurance carrier's liability. Whenever the employee's net recovery (whether from a third party, from the employer or its insurance carrier, or from both sources) equals the amount of compensation and medical benefits provided under the Act, any additional funds which the employee might receive from the employer or its insurance carrier would constitute a double recovery by the employee.[3]

The fact that application of claimant's theory will result in his receiving the type of double recovery not permitted by the Act can perhaps best be illustrated by a hypothetical example. Assume the

---

3. The citations which follow indicate beyond doubt that such a double recovery is not within the intendment of the Act.

"The purpose of the act is to give to the injured employee \* \* \* (a) the compensation provided by the act or (b) the amount recovered from a third party, whichever is the greater." Marlin v. Cardillo, 95 F.2d 112, 113 (D.C.Cir. 1938).

The Act "\* \* \* does not provide that the employee shall have a right to both compensation from his employer and damages from responsible third persons." The Etna, supra, 138 F.2d at 40.

Finally, a Senate Report discussing the purpose of the 1959 amendment to the Act reaffirms the judicial interpretation given the Act in Marlin and The Etna.

"Although an employee could receive compensation under the act and for the same injury recover damages in a third-party suit, he would not be entitled to double compensation. The bill, as amended, provides that an employer must be reimbursed for any compensation paid to the employee out of the net proceeds of the recovery." S.Rep.No.428, 86th Cong., 1st Sess. (1959). U.S. Code Cong. & Ad. News, p. 2135 (1959).

following somewhat lengthy facts modeled after those in the case at bar:[4]

(1) The insurance carrier has paid the employee $1,000 in compensation and medical benefits and has a lien for this amount;

(2) This is the full amount of compensation and medical benefits which the employee is entitled to receive under the Act;

(3) The employee has obtained a third party judgment for $5,000; and

(4) Under the normal method of distribution the employee will actually receive $3,000 of the judgment, after $1,000 for the insurance carrier's lien and $1,000 for litigation costs have been deducted.

At this point the employee says to the insurance carrier: "Since you are to be reimbursed $1,000 out of my $5,000 third party judgment, you must pay a prorated share of the $1,000 litigation costs which I have incurred in procuring the judgment; your share is $200, and to simplify matters we will just deduct the $200 from your $1,000 lien and reimburse you $800." If the employee's method of distribution is followed, in effect, both the third party and the insurance carrier have compensated the employee. The actual result may be summarized as follows:

(1) The third party has paid a judgment of $5,000 ($4,000 more than the Act provides for the employee);

(2) The employee has actually received the original $1,000 in compensation payments and medical benefits and $3,200 of the third party judgment, or a total of $4,200; and,

(3) The insurance carrier is still $200 out of pocket.

Although it may be argued that the insurance carrier has paid $200 in "litigation costs" rather than "compensation" equivalent to a double recovery, the amount paid is directly reflected in the net amount received by the employee. As such it constitutes a double recovery and contravenes the Congressional intent embodied in the Act

Claimant places great reliance on the case of Voris v. Gulf-Tide Stevedores, supra note 4. In Voris, the claimants were minor children of a deceased longshoreman. A third party action had been

---

4. The facts stated in the hypothetical differ from the facts of the case at bar on three minor points. (1) The amounts stated have been approximated and rounded off to facilitate analysis. (2) The statement that the $1,000 insurance carrier's lien represents the full amount of compensation and medical benefits to which the employee is entitled under the Act is an assumption. The assumption is reasonable in view of the court's determination at the time of judgment that there would be no future wage loss or future medical expense to the claimant, and the added factor of claimant's failure to introduce evidence to the contrary in the form of a determination by a deputy commissioner appointed pursuant to the Act. However, even in the unlikely event that claimant's third party recovery proves to be less than the amount to which claimant is entitled under the Act, this would not be relevant to the matter of prorating litigation costs, and it would not affect the right of the insurance car-

rier to immediate reimbursement of its lien. Although the insurance carrier would be responsible for paying claimant the difference between his net third party recovery and the amount which the Act provides for him, the carrier would still be reimbursed out of the third party recovery for compensation and medical benefits which it provided the employee prior to the recovery. Voris v. Gulf-Tide Stevedores, 211 F.2d 549 (5th Cir. 1954). (3) The $200 stated as the insurance carrier's alleged prorata share of claimant's litigation costs is an estimate. This estimate is necessary in view of the fact that claimant has not indicated either what his attorney's fees will be or what proration formula he expects the court to apply should it agree with his contentions. Thus, differences between the hypothetical facts and the actual facts are superficial, and the analysis used in the hypothetical is equally applicable to the case at bar.

successfully prosecuted in their behalf, and the issue was what portion of their third party recovery would be credited against the insurance carrier's obligation to pay them compensation under the Act. The court held that credit would only be allowed for the net amount of the recovery actually received by the children, exclusive of attorney's fees. Regarding attorney's fees the court said:

> "The insurance carrier was the sole beneficiary of the legal services rendered for the plaintiff in the third party action, and it does not appear that it was in any way prejudiced by the judgment; on the contrary, it was greatly benefited by it. The subrogee has accepted the benefits of that recovery, and it should bear its reasonable burdens." 211 F.2d at 552.

Although the above quoted language appears to support claimant's contentions in the case at bar, the appearance is misleading. The "reasonable burdens" referred to by the court in Voris are no more than the regular obligations imposed on the insurance carrier under the provisions of the Act. Here the third party recovery was less than the amount of compensation which the insurance carrier was obligated to provide for the children under the terms of the Act. The court was merely insuring that the insurance carrier would fully discharge this obligation when it did not allow the carrier credit for funds not actually received by the children. The court definitely did not hold that the insurance carrier must pay a prorata share of the claimants' attorney's fees. The Voris case is, therefore, clearly distinguishable from the case at bar, and claimant's reliance on it is unfounded.

Claimant's other arguments in support of his motion to reduce the insurance carrier's subrogation lien are similarly unfounded and without merit.

Therefore, for the reasons stated in the above opinion, claimant's motion to deduct attorney's fees and costs from the subrogation lien of the Travelers Insurance Company is hereby denied.