**Sam SPANO, Plaintiff,**

v.

**N. V. STOOMVAART MAATSCHAPPIJ "NEDERLAND", Defendant and Third-Party Plaintiff,**

v.

**AMERICAN STEVEDORES, INC., Third-Party Defendant.**

**No. 68 Civ. 2831.**

United States District Court, S. D. New York.

Aug. 25, 1971.

---

12. See, Exhibit D to Complaint for Declaratory and Injunctive Relief.

13. 12 C.F.R. § 226.6(f).

Zimmerman & Zimmerman by Martin Lassoff, New York City, for plaintiff.

Burlingham, Underwood, Wright, White & Lord by William M. Kimball, New York City, for defendant "Nederland".

Alexander, Ash, Schwartz & Cohen by Martin M. Baxter, New York City, for defendant American Stevedores.

PALMIERI, District Judge.

This longshoreman's action for personal injuries was tried twice to a jury. In March, 1971, the trial resulted in a disagreement. The trial in June, 1971, resulted in a verdict of $6,000.00 in favor of the plaintiff. The third-party action against the stevedoring company was settled by agreement after trial. To this date plaintiff has neglected to tax his costs and has refrained from entering a formal judgment upon the verdict.

There are three motions presently before the court. A motion by the defendant shipowner and third-party plaintiff to "deposit with the Clerk of this Court [the] money necessary to satisfy the judgment herein in favor of plaintiff against defendant and third-party plaintiff, and for an Order satisfying said judgment in favor of plaintiff"; a motion by the third-party defendant, the stevedoring company, and its compensation carrier, Northern Assurance Company of America, for an order directing payment to the latter of the money to be deposited with the Clerk of the Court; and a motion by the attorney for the plaintiff that he be awarded a counsel fee in the sum of $1,500.00.

The issue presented by these three motions boils down to whether the compensation lien takes priority over an attorney's fee claim in distributing the proceeds of a judgment obtained by the plaintiff. The recovery which resulted from this litigation was smaller than the compensation lien by approximately $700. It appears that Northern Assurance Company of America, as compensation insurer for the third-party defendant paid compensation to the plaintiff in the amount of $6,280.00 and incurred medical expenses in his behalf in the amount of $411.38, in connection with the accident which was the subject matter of the two trials. The total compensation lien of Northern Assurance Company of America amounts to $6,691.38. It should be noted parenthetically that

the precise basis for the legal fee sought to be recovered is not set forth in the motion papers of plaintiff's counsel and that the affidavit in support of the payment of the counsel fee has been signed by an attorney who did not participate in either trial and who is no longer associated with plaintiff's counsel.*

The issue raised by these motions has been before the courts on other occasions and there is abundant authority to support the view that plaintiff's counsel has no right to a prior claim for his benefit. While the distributive system set forth in the Longshoremen's and Harbor Workers' Compensation Act relates to situations in which the employer has instituted the action in behalf of the employee (33 U.S.C. § 933), it is clear under that system that the employer is made whole before the employee or his representative can recover. The act contains no express provisions with respect to distribution in cases where the employee institutes the action, but the courts have held that the identical distributive system should be followed. See, Fontana v. Pennsylvania R. R. Co., 106 F.Supp. 461, 463–464 (S.D.N.Y. 1952), aff'd, 205 F.2d 151 (2d Cir. 1953); Davis v. United States Lines Co., 253 F.2d 262, 265 (3d Cir. 1958); Russo v. Flota Mercante Grancolombiana, 303 F.Supp. 1404, 1407 (S.D.N.Y.1969).

■■■ The interest of the injured longshoreman in this lawsuit can attach only to the excess over the employer's disbursements under the act. In this case it is perfectly clear from all that transpired at the two trials that the injured longshoreman hoped to obtain a recovery over and above the compensation benefits already paid to him. His trial counsel was well aware of this and so stated to the court. Although obtaining a verdict in his favor, plaintiff failed in this purpose since the amount of the verdict which resulted was less than the benefits already obtained. The plaintiff's attorney stands in the shoes of his client and his attorney's lien can attach to nothing since he has produced no benefit for his client. It would be anomalous and indeed patently inconsistent with the distributive scheme set forth in the compensation act to provide compensation for the plaintiff's attorney at the expense of the stevedore's insurance carrier which has paid out the benefits already collected by the plaintiff. Accordingly, the motion of the shipowner is granted, and the shipowner is directed to deposit the amount of the verdict, namely $6,000.00, with the Clerk of the Court forthwith. The plaintiff is allowed until September 1, 1971, to tax his costs and upon failing to do so by that time he will be deemed to have waived them. The shipowner, upon the taxation of any such costs is directed to deposit the amount thereof with the Clerk of the Court. The motion of the stevedore and its compensation carrier is granted. The funds deposited with the Clerk of the Court may be withdrawn on or after September 2, 1971, by the Northern Assurance Company of America in partial satisfaction of its compensation lien.

The motion by plaintiff's counsel for the deduction of a lawyer's fee in the amount of $1,500.00 is denied inasmuch as the plaintiff's attorney is not entitled to assert any claim to the recovery herein.

An order consonant herewith should be submitted on notice.

---

\* After submission of the papers and in reply to an inquiry of the court, plaintiff's counsel has represented that the fee in question is a contingent fee; that on the basis of the recovery here it would amount to $2,350.00 but that for "equitable reasons" the fee claim is reduced to $1500.00.