**Salvatore INCORVAIA, Plaintiff,**

v.

**HELLENIC LINES, LTD., "Grigorios–C–IV," Defendant.**

**No. 77 C 94.**

United States District Court,
E. D. New York.

Nov. 7, 1980.

Irving B. Bushlow, Brooklyn, N.Y., for plaintiff.

John F. X. McKiernan, Zock, Petri, Reid & Curtin, New York City, for defendant.

## MEMORANDUM ORDER

NEAHER, District Judge.

Following a jury verdict in this action brought under the Longshoremen's and Harbor Workers' Compensation Act, *as amended*, 86 Stat. 1251, 33 U.S.C. §§ 901 *et seq.* ("the Act"), judgment was entered for plaintiff in the amount of $17,150 for injuries received while he was working on defendant's vessel. Prior to trial, plaintiff had been paid $13,554.91 in compensation and medical benefits by his employer, who now claims a lien in that amount against the recovery. Plaintiff's attorney also claims $7,109.36 against the recovery for his fee and disbursements and has applied to the court for an order directing defendant to make such payment.

This case is unusual in that the defendant vessel owner was also plaintiff's employer.[1] Thus, the question arises whether an employer's compensation lien takes precedence over a plaintiff's attorney's lien where the self–insured vessel employed the longshoreman and the recovery is not sufficient to fully satisfy both liens. For the reasons which follow, the court is of opinion that under the circumstances of this case the employer's lien is to be accorded priority.

The statutory scheme governing the work–related injuries of longshoremen was the subject of sweeping amendments in 1972. Briefly outlined, the Act entitles a longshoreman to prompt compensation and medical payments from his stevedore–employer for injuries occurring on the navigable waters of the United States. 33 U.S.C. §§ 901 *et seq.* The longshoreman may also bring an action for negligence against the third–party owner of the vessel on which the injury occurred. *Id.* § 933(a). Any recovery in that suit is subject to the stevedore's judicially created lien in the amount of compensation and medical payments previously made. See *Bloomer v. Liberty Mutual Ins. Co.*, 445 U.S. 74, 100 S.Ct. 925, 928, 63 L.Ed.2d 215 (1980). If the longshoreman fails to bring such an action within six months of receipt of the compensation award, his claim is then assigned to the stevedore. 33 U.S.C. § 933(b). See *Rodriguez v. Compass Shipping Co., Ltd.*, 617 F.2d 955 (2d Cir.), *cert. granted,* —— U.S. ——, 101 S.Ct. 69, 66 L.Ed.2d 20 (1980). Although the Act provides for distribution of a recovery obtained in the stevedore's assigned action, *id.* § 933(e),[2] it is silent

---

1. Where the longshoreman is employed by the vessel, the Act allows an exception to the general rule that an employee who has received compensation benefits from his employer may not bring an action against the latter. Reflecting settled case law, however, see *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 99 S.Ct. 2753, 2758–89 & n.13, 61 L.Ed.2d 521 and *Napoli v. Hellenic Lines Ltd.*, 536 F.2d 505 (2d Cir. 1976), 33 U.S.C. § 905(b) permits an action only for injuries not "caused by the negligence of persons engaged in providing stevedoring services."

2. Out of the recovery against the vessel owner in such an action, the stevedore–employer retains his costs of litigation, including a reasonable attorney's fee, and the amounts of compen-

regarding the distribution of a judgment obtained by the longshoreman himself against the vessel owner, and in such situations the courts are called upon to fashion rules that complement the statutory scheme and accord with the equities of the parties. See, e. g., *Cella v. Partenreederei MS Ravenna*, 529 F.2d 15, 20 (1st Cir. 1975), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2175, 48 L.Ed.2d 799 (1976).

The Court of Appeals for this Circuit in 1977 laid down a rule for the priority of liens in a case involving the usual context of a longshoreman's action under the amended Act—where the vessel owner and the stevedore-employer are distinct entitles and the latter is not a party to the suit. In *Valentino v. Rickners Rhederei, G.M.B.H.*, 552 F.2d 466 (2d Cir. 1977), it was held that the longshoreman's attorney's lien had priority over the employer's compensation lien, with the longshoreman, who had already collected compensation payments, receiving whatever may remain. See *Bloomer v. Liberty Mutual Ins. Co.*, supra, 100 S.Ct. at 932 n. 13. This priority scheme prevails even where the recovery is insufficient to satisfy the liens of both the attorney and the employer and may result in the longshoreman himself receiving nothing out of the judgment. *Valentino*, supra, 552 F.2d at 467–68 & n. 2.

The rationale for this decision was based upon the

"well–established principle of equity that a lawyer who creates a fund for the benefit of another is entitled to reasonable compensation for his efforts. *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Chouest v. A & P Boat Rentals, Inc.*, 472 F.2d 1026 (5th Cir.) (Wisdom, J.), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973)." *Valentino*, supra, 552 F.2d at 468–69.

Thus, it is equitable to charge the employer with the expenses of securing the recovery out of which he receives the benefit of

recoupment of compensation payments previously made. In addition, the court noted that if the employer had instituted the action against the vessel owner, pursuant to the statutory assignment of the longshoreman's claim, it would in any event incur its own legal expenses which would constitute a first lien on the recovery. The court saw no valid reason for departing from the statutory scheme set forth in 33 U.S.C. § 933(e) and directing a different result when the longshoreman pursues his own statutory remedy than when the stevedore–employer does so for him. *Id.*

The court in *Valentino* also relied on the fact that prior to the 1972 amendments, a vessel owner sued by a longshoreman was permitted to bring a third-party action against the employer seeking indemnity for any judgment secured by the injured longshoreman. See *Ryan Stevedoring Co. v. Pan–Atlantic S.S. Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). Under those circumstances, the longshoreman's suit conferred little or, more usually, no benefit upon the employer because it exposed him to substantial third-party liability. "The net result in most cases was that the stevedore became liable without fault for injuries to its employees." *Valentino*, supra, 552 F.2d at 468. See *Swift v. Bolten*, 517 F.2d 368, 369–79 (4th Cir. 1975). Accordingly, it was the view of the pre–1972 amendment decisions that "to impose a fee in such a case was to charge the stevedore for the privilege of being sued." *Valentino*, supra, 552 F.2d at 470. Since the longshoreman and his employer had conflicting interests, see *Swift v. Bolten*, supra, 517 F.2d at 369–70, *discussing Ballwanz v. Jarka Corporation of Baltimore*, 382 F.2d 433 (4th Cir. 1967); *but compare Chouest v. A & P Boat Rentals, Inc.*, supra, 472 F.2d at 1032, the equitable principle embodied in *Sprague v. Ticonic Nat'l Bank*, supra, was considered inapplicable.

The 1972 amendments, however, abolished the vessel's right to indemnity and

---

sation and medical payments previously paid to the longshoreman. Of any excess, four fifths shall be paid to the longshoreman, and one fifth

"shall belong to the employer." 33 U.S.C. § 933(e).

vested the longshoreman and his employer with common interests arising out of the fact that the greater the former's recovery against the vessel the greater the chance that the compensation lien would be satisfied in full. The effect of this realignment, later incorporated into the rationale of the Court of Appeals in *Valentino*, had been described by the district court below:

"The 1972 amendments mean that there is *an undeniable benefit* to the stevedore. A res is created out of which a fee can reasonably be paid." *Valentino v. Rickners Rhederei G.M.B.H.*, 417 F.Supp. 176, 181 (E.D.N.Y.1976). (Emphasis supplied.)

In the case at bar, although there exists a somewhat different divergence of interests between the longshoreman and his employer than in the pre-amendment cases, defendant argues that it nonetheless finds itself in the awkward position of being asked to underwrite a lawsuit from which it cannot hope to benefit. It is true that Hellenic Lines, as employer and self-insurer, will not in any real sense recoup its compensation payments out of the recovery against Hellenic Lines as self-insured vessel owner. Since such a "recoupment" would in reality be little more than the transfer of funds from one pocket to another, it cannot be said that the employer here derives a benefit as an incident of plaintiff's attorney's efforts. Rather, the circumstance that the vessel owner is also employer makes this case more similar to the pre-amendment situations where the longshoreman and his employer were considered to have had adverse interests.

Nor is it clear that this is a case where the court's decision may be guided by the explicit statutory provision for distribution of a recovery obtained in an action brought by the stevedore–employer. 33 U.S.C. § 933(e). Even if plaintiff had failed to bring suit within six months and his claim had been statutorily assigned, Hellenic Lines, as assignee–employer would have been unable to pursue a claim for recoupment against itself—Hellenic Lines as vessel owner. See *Czaplicki v. The S.S. Heogh Silvercloud*, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).[3]

In the light of all the foregoing, this case boils down to one where the court is being asked to compel defendant to pay "for the privilege of being sued" in an action where no benefit will inure to either the stevedore or the injured longshoreman himself. It is the court's view that a rigid application to the facts of this case of the rule announced for the *Valentino* situation would do violence to the very equitable principles that were considered to require the result reached by the Court of Appeals in that case. Nor are we able to believe this would be in keeping with the intent of the 1972 amendments to reduce the potential liability and considerable legal expenses of employers "to assure that stevedores would have sufficient funds to pay vastly increased compensation benefits to longshoremen." *Bloomer v. Liberty Mutual Ins. Co.*, *supra*, 100 S.Ct. at 930–32 & n. 11.[4]

At the same time, the court is mindful that it is the aim of the Act to provide longshoremen with workers' compensation without depriving them of their right to be made whole for their injuries by negligent third parties, and without eliminating the incentive for third parties to provide longshoremen with a safe place to work. We would therefore not want to produce a result that might tend to "discourage counsel from pressing longshoremen's claims on a contingent fee basis in all cases, save those where a recovery substantially in excess of

---

3. Since plaintiff here did timely institute his action, of course, the question is not presented, and we express no opinion, regarding whether under these circumstances there could be an exception to the statutory assignment of claim. 33 U.S.C. § 933(b). See *Rodriguez v. Compass Shipping Co., Ltd.*, 617 F.2d 955, 960–61 (2d Cir. 1980).

4. Indeed, the Supreme Court noted that in amending the Act in 1972 Congress recognized the importance of adjusting the role played by "longshoremen's lawyers, who were found to have been the primary beneficiaries of third–party actions in the past." *Id.* In the peculiar situation presented here, the longshoreman's lawyer will be the only beneficiary of this third–party action.

the amount of the stevedore's lien is a virtual certainty." *Valentino, supra,* 552 F.2d at 469. On the facts of this case, however—and particularly since the excess of the recovery over the compensation lien will allow an attorney's fee that is far from nominal—we cannot say that today's decision will unfairly discourage the bringing of longshoremen's actions. Moreover, unlike *Valentino,* this case presents compelling equitable reasons why the attorney's lien should not be granted priority.

Accordingly, plaintiff's attorney's application is denied. Hellenic Lines is directed to pay to plaintiff's attorney the sum of $3,595.09, being the excess of the recovery over the employer's compensation lien.

SO ORDERED.