Robert A. SWIFT, Appellant,

v.

Aug. BOLTEN (Wm. Miller's Nachfalger), Appellee.

No. 74–1814.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1975.

Decided June 3, 1975.

Ralph Rabinowitz, Norfolk, Va. (Rabinowitz, Rafal & Swartz, Norfolk, Va., on brief), for appellant.

Charles F. Tucker, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellee.

Before WINTER, RUSSELL and FIELD, Circuit Judges.

RUSSELL, Circuit Judge:

In this case counsel, who had successfully asserted a third-party negligence claim on behalf of an injured longshoreman against a shipowner, asked that his contingency fee, calculated on the *full* recovery had, be taxed in proportion to their respective share in the recovery, against both the longshoreman and the insurance carrier for the longshoreman's employer, the stevedore, which had paid the longshoreman compensation and medical expenses under the terms of the Longshoremen's and Harbor Workers' Compensation Act. The District Court denied the requested apportionment. We reverse.

There is no dispute over the reasonableness of counsel's fee. It is admitted in the record that, although it knew of the institution of the action by the longshoreman against the third-party, the insurance carrier of the stevedore did not employ counsel to intervene in the action. Nor did it make any contention that counsel for the longshoreman failed to provide effective representation in pressing the claim against the shipowner. The amount of recovery was sufficient to cover the amount of the insurance carrier's lien and the longshoreman's counsel fees, leaving a balance for the longshoreman. Under these facts, the insurance carrier insisted and the District Court concluded that the carrier's lien was entitled to priority over the longshoreman's attorney's fee and was not to be taxed with any deduction for a proportionate share of the longshoreman's attorney's fee. The District Court, as well as the stevedore's insurance carrier, relied on Ballwanz v. Jarka Corporation of Baltimore (4th Cir. 1967) 382 F.2d 433, as authority for this result.

We do not regard *Ballwanz* as applicable. The peculiar circumstances that gave rise to the result in that decision no longer prevail. At the time of that decision, the rule in Ryan Stevedoring Co. v. Pan-Atlantic Corp. (1956) 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 which granted a shipowner against whom a third-party judgment had been recovered by an injured longshoreman, a right of indemnity over against the stevedore-employer, was controlling. In those circumstances, the stevedore would normally receive no benefit from the third-party action. It would seem elementary that, "if the lawsuit results in no financial benefit to the employer [stevedore], there is no pudding, and [plainly] no need for reimbursement of the plaintiff's lawyer." Chouest v. A & P Boat Rentals, Inc. (5th Cir. 1973) 472 F.2d 1026, 1032, cert. denied Travelers Ins. Co. v. Chouest, 412 U.S. 949, 93 S.Ct. 3012, 37 L.Ed.2d 1002. Actually, not only was there no benefit to the stevedore, as a result of the third-party action, it suffered loss by reason of it. And this is the rationale of the decision in *Ballwanz*,

as Chief Judge Haynsworth made crystal clear (382 F.2d at 435):

> "It is well settled, of course, that lawyers, who successfully create or preserve a fund in the custody of the court for the benefit of a class, are entitled to reasonable compensation out of the fund. This is true though some members of the class, claimants to the fund, may have opposed its creation or preservation. That principle does not extend to the recovery of legal fees from one, not a member of a mutually benefited class, who derives an incidental benefit from litigation. Most assuredly, it does not extend to the imposition of legal fees upon an adverse party out of whose resources the alleged fund has been created.
>
> The suggestion that Jarka and Liberty Mutual are the beneficiaries of a fund created by the efforts of the attorneys for Ballwanz has no shadow of realism in it. The lawyers' efforts have imposed additional liabilities upon them exceeding $8,000. A claim by the judgment debtor of credit for payments previously made to the judgment creditor is no part of any common fund for their mutual benefit and advantage."

By the amendment of 1972 the right of indemnity on the part of the ship against the stevedore as granted under *Ryan* was eliminated as well as the right of a stevedore to recover against the ship on the ground of unseaworthiness.[1] The longshoreman's third-party action against the ship must now be grounded on negligence. Accordingly, there is not that conflict in rights between the longshoreman and stevedore that prevailed in *Ballwanz* and that was at the heart of the decision in that case. The longshoreman and the stevedore now have a common interest in the maintenance of the third-party action and both stand to gain from it. If the action is brought by the longshoreman, the stevedore can sustain no liability and it will secure a definite pecuniary advantage, if the action is successful. Provided that pecuniary advantage is secured through the services of counsel employed by the longshoreman, the stevedore should be taxed with that part of a reasonable fee for the longshoreman's counsel as is proportioned to its share of the recovery. This is the rule that has been adopted in similar instances and that accords with settled equitable principles. *See* Vaughan v. Atkinson (1962) 369 U.S. 527, 530, 82 S.Ct. 997, 8 L.Ed.2d 88, reh. denied 370 U.S. 965, 82 S.Ct. 1578, 8 L.Ed.2d 834 (1962); Sheris v. Travelers Insurance Company (4th Cir. 1974) 491 F.2d 603, 608, cert. denied 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56. In this case, as we have said, the fee is reasonable and the representation was effective. Accordingly, the longshoreman was entitled to have an apportionment of his attorney's fees between him and the stevedore or its insurance carrier in proportion to their share in the recovery had. After all, had the longshoreman not filed the action, the insurance carrier would have been forced to file an action to recover of the shipowner for its payments and would have incurred attorney's fees payable out of its recovery. It suffers no injury if it is forced, as we hold, to bear its proportionate share of the attorney's fees when the longshoreman files the action and makes full recovery on its behalf.

The judgment of the District Court is reversed and the cause is remanded for the entry of judgment in accordance with the foregoing.

Reversed.

---

1. 33 U.S.C. § 905(b).