Richard J. SESSLER, Appellant,

v.

ALLIED TOWING CORPORATION, Appellee.

Harold K. GIBBS, Appellant,

v.

ALLIED TOWING CORPORATION, Appellee.

Nos. 75–2193, 75–2194.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1976.

Decided Aug. 4, 1976.

---

Melvin J. Radin, Norfolk, Va., for appellants.

Morton H. Clark, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellees.

Before BUTZNER and FIELD, Circuit Judges, and WYZANSKI, United States District Judge, District of Massachusetts.

BUTZNER, Circuit Judge.

These appeals concern an explosion in July 1972 aboard a barge owned and operated by Allied Towing Corp. in which two of its employees, Richard Sessler and Harold Gibbs, were injured. The district court found that the vessel was unseaworthy and that Sessler was 75 percent contributorily negligent. It assessed Sessler's damages at $80,000, but applying the comparative negligence rule awarded him only $20,000. It set Gibbs' damages at $2,500. The court also directed that Allied's compensation carrier, Glens Falls Insurance Co., should be reimbursed from the sums awarded the injured employees without a deduction for a pro-rata share of the fees for the attorneys who represented the employees.

■ Sessler appeals the court's ruling that he was contributorily negligent. On this issue, we reverse and remand for entry of judgment without reduction under the comparative negligence rule. Both Sessler and Gibbs claim that the court erred in not requiring Glens Falls to assume some of the burden of their attorneys' fees. On this issue, we vacate the judgment and remand for further proceedings. Although Sessler and Gibbs also claim that the damages assessed by the court are insufficient, we summarily affirm the court's determination of damages since its findings on this issue are not clearly erroneous.

## I

The district court erred in holding that Sessler was contributorily negligent. The evidence showed that Sessler was in charge of cleaning out the residue of gasoline left in one of the barge's tanks after removal of the fuel. This operation, called stripping, was necessary because a transfer pump cannot remove all the gasoline.

Sessler used a Jabsco portable electric pump to remove the gasoline. Pumps are either explosion proof or non-explosion proof. The Jabsco pump that Sessler used was non-explosion proof; that is, the motor is not fully enclosed to prevent contact between fumes and the sparks produced when the electric motor starts. Sessler had always used this pump since he began stripping barges as part of his work for Allied in 1967. It was the only pump that Allied owned which could be used effectively to strip a barge.

The accident occurred on a hot, humid day during which gasoline vapors were seen and smelled on the deck of the barge. Sessler placed the Jabsco pump 10 to 15 feet away from the hatch because his experience had shown that the pump would not work effectively if it were farther away. As Sessler plugged in a wire from the pump to an extension cord, a spark from the pump's motor or the extension cord ignited gasoline fumes on the deck of the barge and created the explosion.

■ The principal question on appeal is whether Sessler assumed the risk of injury or whether he was negligent.[1] He challenges the district court's conclusion of law that his conduct constituted negligence instead of assumption of risk. The distinction is critical; an employee's assumption of risk is not a defense, but his negligence reduces his recovery. Because of these conse-

quences, Mr. Justice Holmes cautioned, "[U]nless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name." *Schlemmer v. Buffalo, Rochester & Pittsburg Ry. Co.,* 205 U.S. 1, 12–13, 27 S.Ct. 407, 409, 51 L.Ed. 681 (1907).

■ The district court said:

"In view of the fact that Mr. Sessler knew as much or more of the dangers of his work as any other person connected with the defendant, that he elected to work with the Jabsco pump under the weather conditions existing on the day of the accident, that he selected the position of the pump, that he was directing the whole operation on behalf of the defendant and that he knew he was working with a non-explosion proof pump (or in the exercise of reasonable care should have known he was working with a non-explosion proof pump) the Court finds that his negligence contributed 75% to the explosion and his injuries."

This finding is tantamount to holding Sessler negligent because he realized his job was dangerous but did it anyway. Since the Jabsco pump was the only pump available for his work, he could avoid using it only by refusing to do the job. He placed the pump only 10 to 15 feet away from the hatch because he knew that the pump could not be used to strip a barge at a greater distance.[2] Viewed in this light, Sessler's conduct is properly characterized as assumption of risk, not contributory negligence. This conclusion is fully supported by *Smith v. United States,* 336 F.2d 165 (4th Cir. 1964). In that case, a longshoreman was injured while using a defective ladder in the only passageway available to him. Though he knew of the defect, we held that he was not contributorily negligent, stating:

1. The district court held that the use of the Jabsco pump made the barge unseaworthy and proximately caused the accident. Its decision of these issues is not assigned as error.

2. Sessler's testimony was not contradicted by any witness familiar with the pump involved in the accident, but Allied introduced evidence that another pump tested under different condi-

tions could provide sufficient suction to operate from a greater distance from the hatch. The relevance of these tests is questionable. In any event, the district court made no finding that the pump involved in the accident could work effectively beyond the place where Sessler placed it.

"Clearly, to say that Smith was at fault for using the ladder when he knew of its deficiency does not differ in substance from invoking the doctrine of assumption of risk against him." *Id.* at 168.

Allied argues that *Smith* can be distinguished because the dangerous position of the pump, not any defects, caused the explosion. This argument, however, overlooks significant facts about the pump. It was wholly unsuited for stripping a gas tank, and it was the only pump Allied supplied for the job. It is these facts which bring this case within the principles stated in *Smith.*

We, therefore, reverse the district court's holding that Sessler was contributorily negligent and remand the case for entry of judgment without reduction of damages under the comparative negligence rule.

## II

The Glens Falls Insurance Co., Allied's carrier under the Longshoremen's and Harbor Workers' Compensation Act, asserted liens for compensation payments against the awards allowed Sessler and Gibbs. The court ordered payment of the liens without deducting any fee for the attorneys who represented the injured men. Sessler and Gibbs contend that such a deduction should be made in accordance with *Swift v. Bolton,* 517 F.2d 368 (4th Cir. 1975).

We are unable to decide this issue for two reasons. First, Glens Falls was not impleaded in the district court, and it is not a party to this appeal. Due process entitles it to be heard on the question of reducing its recovery by the allowance of fees. Secondly, the role played by Glens Falls is not explained in the district court's findings. If Glens Falls is Allied's general liability insurer as well as its compensation carrier, *Ballwanz v. Jarka Corp.,* 382 F.2d 433 (4th Cir. 1967), exonerates it from contributing a portion of the fees. On this issue, therefore, we vacate that portion of the judgment pertaining to Glens Falls' liens and remand the case for further proceedings after Glens Falls has been impleaded.

The judgment is affirmed in part, reversed in part, vacated in part, and remanded. Sessler shall recover his costs. Allied shall recover a pro-rata share of its costs from Gibbs.