Felix F. BROWN, Sr., Plaintiff,

v.

AMERICAN MAIL LINE, LTD., a Delaware Corporation, and American President Lines, a Delaware Corporation, Defendants.

Civ. No. 74–220.

United States District Court, D. Oregon.

Sept. 15, 1977.

---

Raymond J. Conboy, Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland, Or., for plaintiff.

Floyd A. Erickson, John Dudrey, Fredrickson, Weisensee, Barton & Cox, Portland, Or., for lien-claimant.

## OPINION

SOLOMON, District Judge:

Plaintiff was injured while employed as a longshoreman on the S.S. INDIAN MAIL. He filed an action for negligence against the defendants as owners and operators of the vessel. After a trial on the issue of liability, the Court found that the defendants were guilty of negligence and were liable to the plaintiff for injuries. Thereafter, the defendant American President Lines paid plaintiff $65,000.00 in settlement of the action.

Fireman's Fund Insurance Company provided coverage for plaintiff's employer under the Longshoremen's and Harbor Workers' Compensation Act (the Act), 33 U.S.C. §§ 901 et seq. It did not consent in writing to the settlement, and the amount of its payments and lien is therefore fixed at $23,311.72. Plaintiff's attorneys seek fees of 25 per cent on this portion of the settlement. In other words, plaintiff's attorneys assert that Fireman's Fund should pay a 25 per cent fee out of the $23,311.72 fund they created for Fireman's Fund.

Before the adoption of the 1972 Amendments to the Act, most courts held that a lien for fees asserted by a plaintiff's attorney did not have priority over the lien for compensation payments. On the basis of *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), if a longshoreman was successful in obtaining a substantial judgment against the defendant shipowner, the shipowner often sought indemnity against the stevedore. In such an action the shipowner not only claimed the amount of the judgment, but also the attorney's fees and expenses it incurred in the defense of the action filed by plaintiff against the shipowner.

Third-party actions were of no benefit to the stevedore; they merely increased its exposure. Courts therefore refused to give fees to the longshoremen's attorneys who were responsible for the actions which would probably cause the stevedores to be sued by the shipowners for amounts far in excess of the compensation payments. The reasoning of the opinions written before the 1972 Amendments is no longer applicable. Under the 1972 Amendments, the shipowner's right to indemnity was eliminated. Now there is no conflict of interest between the plaintiff longshoreman and his employer; an action by a longshoreman, even when successful, does not result in an action against the stevedore.

Judge Weinstein, in *Valentino v. Rickners Rhederei, G. m. B. H.*, 417 F.Supp. 176 (E.D.N.Y.1976), carefully and exhaustively

reviewed the authorities, analyzed the problems, and discussed the changes resulting from the 1972 Amendments. Judge Weinstein held that the longshoreman's attorney's lien has priority over the compensation lien. The Second Circuit Court of Appeals affirmed. 552 F.2d 466 (1977).

In another well-reasoned opinion, the Fourth Circuit Court of Appeals came to the same conclusion. *Swift v. Bolten*, 517 F.2d 368 (1975). There the Court affirmed the holding of the trial court that "the longshoreman was entitled to have an apportionment of his attorney's fees between him and the stevedore or its insurance carrier in proportion to their share in the recovery had." *Swift*, at 370. The Court specifically overruled *Ballwanz v. Jarka Corporation of Baltimore*, 382 F.2d 433 (4th Cir. 1967), an earlier widely-cited case from the same circuit, which denied any deduction from the longshoreman's award for the longshoreman's attorney's fees.

The Court of Appeals for the First Circuit came to the opposite conclusion in *Cella v. Partenreederei MS Ravenna*, 529 F.2d 15 (1975), *cert. denied*, 429 U.S. 975, 96 S.Ct. 2175, 48 L.Ed.2d 799 (1976). The Court recognized the changes which resulted from the 1972 Amendments, but it refused to follow *Swift, supra*. In so doing, the Court stated:

> "Were we to follow the fourth circuit and hold that the normal dictates of equity control the allocation of attorney's fees in this case, we might be more disposed to find that it would be appropriate to award fees out of that portion of the settlement that goes to reimburse Cella's employer." *Cella*, at 20.

The Court thought that the allocation of attorney's fees must conform to the purposes and policies of the Act, which the Court found is to substitute adequate compensation payments for the unseaworthiness causes of action against the shipowner and to eliminate indemnity causes of action against the stevedore. The Court found that the 1972 Amendments were intended to strictly limit the liability of the stevedore so that it could "husband its resources, and its insurance carrier's resources, for payment of the increased benefits under the Act." *Cella*, at 20. *It concluded that it was the intent of Congress to deny attorney's fees to plaintiff's attorney because that would reduce the amounts which the employer should be able to use to fund its obligation towards its injured employees.*

■ I do not believe that this is either a proper or logical conclusion. Shipowners may no longer seek indemnity against the stevedores. If the husbanding of the stevedore's resources is an intended objective of the Amendments, then these actions by longshoremen against the shipowners should be encouraged.

To deny attorney's fees here will discourage such actions. If the stevedore files an action in the name of the longshoreman against the shipowner,[1] the stevedore would have to pay its own attorney's fees. I see no reason to give the stevedore or its insurance company a greater recovery of its lien when the injured longshoreman files the action with his own attorney.

The denial of attorney's fees would discourage these negligence actions,[2] contrary to the purposes of the Amendments. Had Congress sought to achieve that result, it could have enacted legislation to achieve it.

■ I hold that plaintiff's attorneys are entitled to reasonable fees on that portion of the recovery covered by the Fireman's Fund lien.

---

1. 33 U.S.C. § 933 provides that unless an injured longshoreman files an action against the shipowner within six months after he receives a compensation award, all his rights are assigned to the stevedore, subject to the duty of the stevedore to pay four-fifths of the recovery to the longshoreman after deducting the full amount of the award plus expenses and reasonable attorney's fees.

2. In *Valentino v. Rickners Rhederei, G. m. B. H.*, 552 F.2d 466, at 469, the Court noted that during oral argument "both parties stated that stevedores do not, as a practical matter, pursue these lawsuits—presumably for fear of antagonizing their customers."