Felix F. BROWN, Sr., Plaintiff-Appellee,

v.

AMERICAN MAIL LINE, LTD., and American President Lines, Corporations, Defendants,

and

Fireman's Fund Insurance Company, Lien-Claimant-Appellant.

Michael W. RYAN, Plaintiff-Appellee,

v.

EAGLE LINE, INC., MONROVIA, Defendant,

and

Brady-Hamilton Stevedore Company and Fireman's Fund Insurance Company, Intervenors-Appellants.

Harold E. ROGERS, Plaintiff-Appellee,

v.

ORIENT MARINE ASSOCIATES LTD., MONROVIA, Defendant,

**Brady-Hamilton Stevedore Company and Fireman's Fund Insurance Company, Intervenors-Appellants.**

**Nos. 78–1053, 79–4165 and 79–4167.**

United States Court of Appeals, Ninth Circuit.

April 23, 1980.

John Dudrey, Fredrickson, Weisensee & Cox, Portland, Or., argued, for lien-claimant-appellant; Floyd A. Fredrickson, Fredrickson, Weisensee & Cox, Portland, Or., on brief.

Raymond J. Conboy, argued, Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland, Or., on brief, for plaintiff-appellee.

Before HUG and FARRIS, Circuit Judges, and McNICHOLS,* District Judge.

FARRIS, Circuit Judge:

Fireman's Fund appeals a district court order awarding Brown a pro-rata share of attorney's fees incurred by Brown in obtaining a third party settlement from an allegedly negligent vessel owner. The district court, 437 F.Supp. 628, held that because Fireman's Fund would recover from the settlement an amount equal to the benefits it paid Brown under the Longshoremen's and Harbor Workers' Compensation Act, it should pay a portion of the attorney fees incurred by Brown in obtaining the settlement. We reverse.

On March 24, 1973 Felix Brown, an employee of Western Stevedoring and Terminal Corporation, was injured while working as a longshoreman on board the vessel *Indian Mail.* The District Court for the District of Oregon determined that 80% of the injury was caused by the vessel owner's negligence and 20% was caused by Western's negligence. Brown and the vessel owner settled the action for $65,000.

Between the date of the injury and the date of the settlement, Fireman's Fund (Western's insurer for benefits under the Longshoremen's Act) paid Brown $23,311.72 for lost wages and medical expenses. Because Fireman's Fund did not consent to Brown's third party settlement, it was not liable to Brown for any future benefits and its lien against Brown's settlement was fixed at $23,311.72. Brown claimed, and the district court held, that Fireman's Fund should pay a pro-rata share of the attorney's fees he incurred in obtaining the settlement.

---

* Honorable Robert McNichols, District Judge for the Eastern District of Washington.

The Longshoremen's and Harbor Workers' Compensation Act provides that a vessel owner can be sued for the injury of a longshoreman by either the longshoreman or, if the longshoreman fails to bring suit within six months after a compensation award has been filed, by the longshoreman's employer. 33 U.S.C. § 933(b). When an employer brings suit, the Act states that the employer is to retain from any settlement an amount equal to the expenses incurred in obtaining the recovery, including attorney's fees, in addition to all benefits paid to the injured longshoreman. 33 U.S.C. § 933(e). The Act is silent, however, on who should pay the attorney's fees incurred when an injured longshoreman recovers an award.

The Supreme Court resolved this issue in *Bloomer v. Liberty Mutual Ins. Co.*, 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980). There, an injured longshoreman settled a personal injury claim against a vessel owner for $60,000. Liberty Mutual requested that its $17,152.83 compensation lien be paid in full out of Bloomer's recovery. Bloomer argued, however, that Liberty Mutual should pay a proportionate share of his attorney's fees. The Supreme Court held that Bloomer could not recover a portion of the attorney's fees and that Liberty Mutual could recover its compensation lien in full. The court concluded that Congress could not have intended a distribution scheme which differed substantially from that set forth in section 33(e) of the Act, 33 U.S.C. § 933(e), which allows an employer to recover its compensation lien in full in addition to reasonable attorney's fees when it brings a third party suit on behalf of an injured longshoreman.

Prior to *Bloomer v. Liberty Mutual Ins. Co., supra,* we adopted the pro-rata rule which was properly applied by the district court. *Bachtel v. Mammoth Bulk Carriers, Ltd.,* 605 F.2d 438 (9th Cir. 1979). *Bachtel* is now overruled insofar as it conflicts with the Supreme Court's holding in *Bloomer, supra.* We reverse and remand for application of the rule announced in *Bloomer v. Liberty Mutual Ins. Co., supra.*

Reversed and remanded.