William **JOHNSON, Jr.** and Dorothy Johnson, Plaintiffs,

v.

**SIOUX CITY & NEW ORLEANS BARGE LINES, INC.,** Defendant,

**Allstate Insurance Company, Intervenor-Appellee.**

Appeal of **Ernest T. ROSSIELLO,** Attorney.

No. 80–1450.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1980.

Decided Aug. 21, 1980.

Certiorari Denied Nov. 10, 1980. See 101 S.Ct. 408.

---

Ernest T. Rossiello, Chicago, Ill., for plaintiffs.

John R. Schmidt, Chicago, Ill., for defendant.

Mark A. Braun, Chicago, Ill., for intervenor-appellee.

Before SWYGERT and WOOD, Circuit Judges, and LARSON, Senior District Judge.[*]

PER CURIAM.

The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, permits an injured longshoreman to collect workmen's compensation payments from his stevedore *and* to sue in tort the shipowner upon whose vessel the injury occurred. *Id.* § 933.[1] Although the Act does

---

[*] Senior District Judge Earl R. Larson, United States District Court for the District of Minnesota, is sitting by designation.

1. The original version of the Act required that an injured longshoreman elect between receiving a workmen's compensation award from his stevedore and suing the shipowner or other responsible third party for damages. Act of Mar. 4, 1927, ch. 509, § 33, 44 Stat. 1440. A 1959 amendment to the Act eliminated this requirement. Act of Aug. 18, 1959, Pub.L. No. 86 171, 73 Stat. 391. Congress apparently felt that the election of remedies requirement "work[ed] a hardship on an employer by in effect forcing him to take compensation under the act because of the risks involved in pursuing a lawsuit against a third party." S.Rep. No. 428, 86th Cong., 1st Sess. 2, *reprinted in* [1959] U.S.Code Cong. & Admin.News, p. 2134. An injured employee "usually elects to take compensation for the simple reason that his expenses must be met immediately, not months or years after when he has won his lawsuit." *Id.*

Under the current version of the Act, codified at 33 U.S.C. § 901 *et seq.* a longshoreman is entitled to compensation payments from his stevedore for disability or death resulting from an injury occurring on the navigable waters of the United States. *Id.* § 903. The stevedore shall pay the longshoreman's attorney a reasonable fee if the longshoreman is required to and successfully pursues a compensation action; the amount of that fee is set by the tribunal before which the compensation claim is heard. *Id.* § 928. The longshoreman is also permitted to bring a negligence action against a responsible party other than the stevedore, usually the owner of the vessel upon which the injury occurred, within six months of the receipt of his compensation award. *Id.* § 933(b). However, the longshoreman's failure to do so shall operate as an assignment to the stevedore of the longshoreman's right to recover damages from the third party. *Id.* In a suit brought

not provide for distribution of amounts that a longshoreman recovers from a shipowner, it is now well-settled that to prevent double recovery the stevedore retains a lien in an amount equal to the sum of its compensation payments. *See The Etna*, 138 F.2d 37 (3d Cir. 1943).

Longshoreman William Johnson, Jr., after being injured in a barge accident, filed a claim for workmen's compensation against his stevedore, International Great Lakes Shipping Company (here represented by its insurer, Allstate Insurance Company), and a negligence suit against the owner of the barge upon which he was injured, Sioux City and New Orleans Barge Lines, Inc. Attorney Ernest T. Rossiello represented Johnson in both actions.

In the workmen's compensation portion of Johnson's case, a Department of Labor administrative law judge ordered that the stevedore pay benefits to Johnson in the amount of $40,438.50, and pursuant to 33 U.S.C. § 928 ordered that the stevedore pay Rossiello's fee in the amount of $3,600. Shortly thereafter Rossiello negotiated settlement with the shipowner in the amount of $64,000, of which $40,438.50 was subject to the stevedore's lien for reimbursement of its compensation payments to Johnson.

The focus of this unusual appeal is a contingent fee agreement that Rossiello negotiated with Johnson for the prosecution of his claim against the shipowner. That agreement provides that Johnson "hereby assigns to [Rossiello] 40% of any sums obtained or recovered therefrom by suit,

settlement or otherwise." [2] Rossiello contends this agreement assigns to him 40% of the entire $64,000 proceeds, notwithstanding that $40,438.50 inures to the stevedore as reimbursement for its compensation payments and that he has already received $3,600 for his services in generating the compensation award. The district court ordered that Rossiello's 40% fee be calculated on the basis of Johnson's actual in-hand recovery from the shipowner, *i. e.*, $64,000 less $3,824.05 in expenses payable to Rossiello less the $40,438.50 compensation lien. Under this formula, Johnson's gross recovery is $19,737.45, which yields Rossiello a fee of $7,894.98 in addition to the statutory award of $3,600. Johnson's net recovery from the shipowner is thus $11,842.47. In contrast, if Rossiello were to prevail in his appeal, he would receive a fee of $25,600 in addition to nearly $4,000 in expenses [3] and the $3,600 already awarded for his services in the compensation proceeding. His client would receive nothing and there would remain insufficient funds, $34,575.95, to pay the stevedore's lien in full.

At the time Rossiello and Johnson entered their contingent fee agreement this circuit had not addressed the question whether a stevedore reimbursed for compensation payments must bear a proportionate share of the legal expenses of the longshoreman's suit against the shipowner. Rossiello nevertheless argued before the district court that the law was settled in the affirmative.[4] He therefore proposed the following distribution:

pursuant to § 933(b) the stevedore may recover reasonable attorney's fees and expenses incurred in pursuing the assigned claim, the cost of workmen's compensation and other benefits paid to the longshoreman, and one-fifth of the excess amount recovered after deduction of these charges; the remaining four-fifths of the excess recovery inures to the longshoreman. *Id.* § 933(e). For a more detailed review of the Act, see Gorman, *The Longshoremen's and Harbor Workers' Compensation Act After the 1972 Amendments*, 6 J.Mar.Law 1 (1974).

**2.** The agreement further provides that in the event a successful appeal is prosecuted or a new trial granted, Rossiello's share shall be 50%. An earlier agreement dated two days after the accident (the operative agreement is

dated six weeks later) provided for a 33⅓% contingent fee regardless of whether an appeal proved necessary. There is no indication in the record of the reason for the increased percentage in the later agreement.

**3.** Rossiello also contends that the district court erred in not applying his contingent fee to that portion of the recovery used to reimburse him for expenses. Since the contingent fee agreement is silent on this point, the attorney and draftsman of the contract should bear the burden of the resulting interpretive difficulties.

**4.** Our reading of the relevant case law indicates that at that time there was a distinct split among the circuits. *Compare Bloomer v. Tung,*

$64,000.00 (settlement)

×      .40 (contingent fee percentage)

25,600.00 (attorney's fee)

3,824.05 (expenses)

$29,424.05 (attorney's lien)

Since the amount devoted to the stevedore's reimbursement represented 63.185% of the settlement, Rossiello proposed the stevedore bear attorney's fees and expenses in the same proportion:

$29,424.05 (attorney's lien)

× .63185

$18,591.58 (stevedore's share of attorney's lien)

The remainder of the attorney's lien, $10,832.47, would, of course, have been borne by Johnson. Thus, the settlement would have been divided as follows:

| | |
|---|---|
| Johnson: | $12,729.37 |
| Stevedore: | 21,846.58 |
| Rossiello: | 29,424.05 |
| | $64,000.00 |

In the interim, the United States Supreme Court held that when a longshoreman recovers from a shipowner an amount in excess of the compensation lien, the stevedore is entitled to reimbursement in full without being required to bear a proportionate share of the legal expenses of the negligence suit. *Bloomer v. Liberty Mutual Insurance Co.*, 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980). The Court thus struck the death blow to Rossiello's proposed distribution.

Rossiello then proposed that his lien should be a first charge against the settlement despite the fact that this left his client with no recovery beyond the compensation award and left insufficient funds to reimburse the stevedore in full for its compensation payments. This proposal would have distributed the settlement proceeds as follows:

| | |
|---|---|
| Johnson: | $      .00 |
| Stevedore: | 34,575.95 |
| Rossiello: | 29,424.05 |
| | $64,000.00 |

Over Rossiello's strenuous objection, the district court instead calculated the 40% contingency fee, for which *Bloomer* made Johnson solely liable, on the settlement less expenses and less the stevedore's lien:

$64,000.00 (settlement)

− 3,824.05 (expenses)

$60,175.95

−40,438.50 (stevedore's lien)

$19,737.45

×      .40 (contingent fee percentage)

$ 7,894.98 (attorney's fee)

The settlement was divided accordingly:

| | |
|---|---|
| Johnson: | $11,842.47 |
| Stevedore: | 40,438.50 |
| Rossiello: | 11,719.03 |
| | $64,000.00 |

Rossiello's contention that his lien represents a first charge begs the question by assuming he holds a lien on 40% of the total settlement. If, as the district court found, his contingent fee applies only to Johnson's recovery over and above expenses and the stevedore's lien, the priorities issue drops out of the case because sufficient funds would exist to pay in full both the attorney's lien and the stevedore's lien. We therefore turn first to the propriety of this portion of the district court's order.

The contingent fee agreement was apparently drafted on the assumption that the stevedore would share proportionately in the legal expenses of pursuing the negligence action.[5] Had that assumption proven

586 F.2d 908 (2d Cir. 1978), aff'd sub nom. *Bloomer v. Liberty Mutual Insurance Co.*, 445 U.S. 74, 100 S.Ct. 925, 63 L.Ed.2d 215 (1980); *Cella v. Partenreederei MS Ravenna*, 529 F.2d 15 (1st Cir. 1975), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2175, 48 L.Ed.2d 799 (1976); *Ashcraft & Gerel v. Liberty Mutual Insurance Co.*, 343 F.2d 333 (D.C.Cir.1965), *with Bachtel v. Mammoth Bulk Carriers, Ltd.*, 605 F.2d 438 (9th Cir. 1979); *Swift v. Bolten*, 517 F.2d 368 (4th Cir. 1975). *See also Chouest v. A & P Boat Rentals,*

*Inc.*, 472 F.2d 1026 (5th Cir.), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973).

**5.** We make that assumption because the only alternative is to assume Johnson was not fully apprised of the distinct possibility that acceptance of the $64,000 settlement offer would yield him nothing beyond the previously awarded workmen's compensation. Johnson's share of the settlement after expenses and the stevedore's reimbursement is $19,737.45, and Rossiello asserts a lien of $29,424.05. We find

correct, Rossiello's fee from the stevedore would have been 40% of the compensation reimbursement. His fee from Johnson would have been 40% of the remainder. When the Supreme Court decided *Bloomer*, a fundamental assumption upon which the contingent fee agreement was based–that the stevedore would pay Rossiello 40% of its reimbursement–failed. In the face of that failure, Rossiello would have us read the agreement to require Johnson to pay the portion of his fee that he had expected to receive from the stevedore, leaving Johnson nothing beyond his previous compensation award while allowing Rossiello to recover again on the generation of funds for which he had already been awarded fees under section 928 of the Act. Even if Johnson had expressly consented to this result, we would hesitate to enforce an attorney–client agreement that dictates it. *See Schlesinger v. Teitelbaum*, 475 F.2d 137 (3d Cir.), *cert. denied*, 414 U.S. 1111, 94 S.Ct. 840, 38 L.Ed.2d 738 (1973).

■ The more reasonable reading of the agreement is that Johnson agreed to pay Rossiello 40% of any recovery over and above the amount inuring to the stevedore. In reaching this conclusion, we presume that Johnson retained Rossiello for the sole purpose of securing a benefit. The portion of the settlement used to reimburse the stevedore provides no benefit to Johnson since the Act does not impose upon him a personal obligation to reimburse the stevedore. Since Johnson could never "obtain or recover" that amount in any real sense, he is not obligated under the agreement to pay a fee based on that portion of the settlement. Rather, we find that Rossiello assumed the risk that the stevedore would not be required to pay him 40% of the reimbursement. As an attorney and as a fiduciary, Rossiello was in the better position to foresee that the district court might follow the case law rejecting proportional sharing of legal expenses or, as happened, that the Supreme Court would reject the notion that the stevedore should share in the expenses of suit. Furthermore, as the draftsman of the agreement, he was in the better position to insert express language dealing with this possibility, though we might still have reformed the agreement for reasons of fundamental fairness.[6]

That the contingent fee is not to be calculated on amounts destined for the stevedore is clearly supported by the language of the Act and its underlying policies. The Act expressly provides for the award of "reasonable fees" to an attorney securing a workmen's compensation award for a longshoreman. 33 U.S.C. § 928. *See* note 1

incredible Rossiello's suggestion that Johnson knowingly consented to a settlement that might inure only to the benefit of his attorney and his stevedore. *See* note 4 *supra*.

6. Although an attorney may contract with a client for a contingent fee, *see* Disciplinary Rule (DR) 5 103(A) of the American Bar Association Code of Professional Responsibility, his right to do so is not unrestrained. *See Cappel v. Adams*, 434 F.2d 1278 (1970). The right to contract is limited to a "reasonable" contingent fee. DR 5 ·103(A). Thus, even if the agreement had provided for calculation of the fee on the amount of the stevedore's reimbursement, we would still be faced with the question whether the fee so calculated is fair. DR 2-·106(A) cautions that "[a] lawyer shall not enter into an agreement for, charge, or collect [a] clearly excessive fee." A fee is clearly excessive "when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." DR 2–106(B). In light of these criteria, we prefer our conclusion

that the parties did not contract for a contingent fee calculated on the amount of the stevedore's reimbursement.

Furthermore, had the agreement expressly provided for distribution in the manner Rossiello suggests, it would contravene one of the underlying assumptions of a fair and reasonable contingent fee contract- that an attorney provide legal services in exchange for a fee based on a fixed proportion of the benefit inuring to his client. Under the approach urged upon us, Johnson would be taxed not only on funds he recovered but also on an additional amount he could never recover. *Cf.* Ethical Consideration 5–7 ("a lawyer, because he is in a better position to evaluate a cause of action, should enter into a contingent fee arrangement only in those instances where the arrangement will be beneficial to. the client"). The result Rossiello suggests is not proportional sharing. A distribution of 100% to the attorney technically may be a proportion, but we fail to discern any sense of sharing.

*supra.* Pursuant to that provision, the administrative law judge awarded Rossiello $3,600 for his work in obtaining $40,438.50 in compensation benefits for Johnson. Rossiello, who did not appeal the amount of the award, received payment in full from the stevedore. A further award based on those funds would allow Rossiello to recover a fee exceeding the statutorily–prescribed "reasonable fees." As such it would amount to little more than a double recovery for services rendered in generating the compensation award and would contravene Congress' statutory directive that the compensation tribunal determine the amount of the fee.

Furthermore, the distribution Rossiello suggests is inconsistent with Congress' intent, expressed most recently in the 1972 amendments to the Act, "to reduce litigation." *Bloomer,* 445 U.S. at 86, 100 S.Ct. at 932. We are cognizant of Congress' concern that negligence suits under the Act too often inure to the benefit only of the attorney, thereby needlessly increasing the volume of litigation generated by the Act. *See id.* Yet this is precisely the outcome proposed. Indeed, Rossiello would recover a fee of over $25,000 plus expenses of nearly $4,000 for a settlement that in practical effect leaves his former client in a poorer position than the one he occupied the day before filing suit against the shipowner. The settlement, of course, extinguished any rights Johnson may have had with respect to the shipowner. Had Johnson instead declined to bring suit, his rights against the shipowner would have been automatically assigned after six months to the stevedore. 33 U.S.C. § 933(e). Had the stevedore then successfully sued the shipowner, Johnson would have received 80% of the recovery in excess of the stevedore's compensation payments and expenses of suit. *Id.*

In the event the longshoreman does not bring suit against the shipowner within six months–presumably because there is little potential for substantial recovery over and above the compensation award–the stevedore, using its own attorneys and making its own assessment of the likelihood and

amount of recovery, can bring suit. *Id.* That statutory mechanism encourages the stevedore to sue when the negligence claim appears meritorious but the longshoreman's potential incremental recovery is small. Thus, Rossiello's approach, which gives the attorney a fee based on the benefit to the stevedore, encourages litigation brought nominally on behalf of the longshoreman in cases where the stevedore's interest is relatively greater than the longshoreman's. Such reflexive litigation brought on behalf of a party with minimal interest in the outcome is inconsistent with the Act's "special incentives designed to encourage the stevedore to bring suit on its own if the longshoreman elects not to do so." *Bloomer,* 445 U.S. at 86, n.12, 100 S.Ct. at 932, n.12. Congress, we believe, intended that the stevedore pursue those cases rather than the longshoreman's attorney, who may be motivated by an artificially inflated contingent fee.

We have here an attorney appealing to us against the interest of a client he represented before the district court.[7] In this connection, the words of Ethical Consideration 2–23 of the American Bar Association Code of Professional Responsibility bear reproduction:

> A lawyer should be zealous in his efforts to avoid controversies over fees with clients and should attempt to resolve amicably any differences on the subject. He should not sue a client for a fee unless necessary to prevent fraud or gross imposition by the client.

Though in the procedural posture of this case, Rossiello did not sue his client, as a practical matter, he and Johnson occupied adversarial stances. We doubt very much that the district court's determination that Rossiello is entitled to $7,894.98 in fees and $3,824.05 in expenses in addition to the $3,600 statutory award is equivalent to the kind of "fraud or gross imposition" that would justify suing a client.

Affirmance of the district court's distribution formula makes it unnecessary to

---

7. Judge Marshall arranged for separate counsel to represent Johnson in this appeal.

consider the relative priorities of the attorney's lien and the stevedore's lien because the settlement fund is sufficiently large to pay both in full.

Affirmed.[8]

---

**8.** Rossiello claimed in a motion for recusal of Judge Marshall, the denial of which is not appealed, that Judge Marshall told him in chambers: "Rossiello, you're not getting 40% of $64,000 from me. You might get it on the 27th floor, but you're not getting it down here." The only apparent error below is Judge Marshall's evaluation of Rossiello's likelihood of success on appeal.